Leave to file GRANTED
5/30/2020
United States District Judge

Dear Clerk of Court,

I apologize for this hand-written motion but, unfortunately, this institution is under Lock-down status due to the Covid-19 pandemic. For the last (3) three months I have had NO access to a typewriter, copy machine or printer.

Thank you for your patients

J. Evans

United States District Court
For the District of Columbia

United States of America          Pro-se

VS.                               Case No: 0090 1:18-cr-00103-002

Tony John Evans

# NEW INTERVENING UNITED STATES DISTRICT COURT DECISION

"Emergency" motion to modify the Term of imprisonment Pursuant to 18 U.S.C. § 3582 (c)(1)(A) because of extraordinary and compelling reasons warrant such a reduction.

# NEWLY DISCOVERED EVIDENCE

1.

Mr. Tony John Evans, now brings forth this "Emergency Motion" for immediate release due to the,

## NEW INTERVENING FEDERAL DISTRICT COURT DECISION

in Connecticut.

On May, 12, 2020, a Federal Court here in Connecticut gave a victory to about 1,000 inmates, which included, Mr. Evans.

This Federal Prison, Danbury Federal Correctional Institution was charged in a class action suit late last month that inmates are being confined in unconstitutionally dangerous conditions because authorities have failed to release prisoners to Home confinement and take other steps to stop the spread of coronavirus in the institution.

2.

The United States District Court Judge, Michael Shea issued an order that gives the prison administration just days to "identify inmates with <u>health conditions</u>" that place them at risk for covid-19 complications and to begin aggressively evaluating request by prisoners for transfer to home confinement or compassionate release.

In his 74 page order, Judge Shea refers to the apparent failure of the Danbury Administration to carry out an April 3, 2020 memo by U.S. Attorney General William Barr ordering the Administration at Danbury and other prisons to maximize emergency authority granted by Congress to release inmates to Home Confinement.

In the memo, Barr referred specifically to, Danbury prison and to others elsewhere in the Country particularly hard hit by the coronavirus. He expanded the number of inmates eligible for release to Home

3.

confinement and noted the speed with which the virus has spread through the general public. The United States Bureau of Prisons profound obligation to protect the health and safety of all inmates, and the fact that time is of the essence to make a change

Lamont replaces the commissioner of Public Health in the midst of the corona virus crisis. In their Lawsuit, the Danbury inmates, men and women, confined at three facilities within this Low security institution complained that the Administration was intentionally dragging its feet on compliance with Barr's memo and Judge Shea endorsed the complaint in his decision.

The inmates argued, and Judge Shea agreed that prisoner releases or transfers are necessary to decrease congestion and permit adequate social distancing within the institution. Shea gave the Danbury administration about 13 days to provide him with a list of inmates eligible for transfer

4.

to home release and those who are not. In the case of those who are denied release, Judge Shea ordered the prison to provide explanations.

Accordingly, the Court granted in part the inmates motion for <u>temporary restraining order</u> and issued an order that requires the warden at F.C.I. Danbury to adopt a process for evaluating inmates with Covid-19 risk factors for home confinement and other forms of release that is both far more accelerated and more clearly focused on the critical issues of inmate and public safety than the current process.

Judge Shea did not rule on the suits most significant demands, the mass transfer of inmates to other institutions or home confinement and appointment of a "<u>Special Master</u>" to <u>enforce</u> social distancing and other virus mitigation measures

5.

in the crowded Low-security institution but, he ordered an expedited hearing schedule to take up the questions during a hearing two weeks ago.

This Court is aware of Mr Evans First and Second motion for compassionate release. Mr Evans was unaware of these motions at first because they were initiated by his family. Mr Evans Family, his mother, father and wife were trying everything possible to get their Loved one home safe and were in fear of Mr Evans contracting Covid-19 in Danbury because of the conditions at the prison.

Unfortunately, the first two motions for compassionate release were <u>premature</u> because there was no evidence at that time to support the deplorable conditions here at Danbury.

Hopefully, with this Courts permission, it will allow this <u>First</u> <u>pro-se</u> motion for compassionate release in light of this <u>NEW FEDERAL DISTRICT COURT DECISION</u> here in Connecticut, where <u>Newly discovered evidence</u> has been discovered about the conditions here at this institution.

Mr Evans respectfully request that this Court review this 74 page opinion by Judge Michael Shea and the future reports and decisions soon to be released or decided.

In this new Federal District Court decision, Judge Shea gave this institution about 13 days to provide a <u>List</u> of "<u>Medically vulnerable</u>" inmates here at Danbury.

7.

Mr Evans, E-mailed Sarah Russell, the attorney from Yale Law School who is handling this Lawsuit to find out if he was on the List for "Medically Vulnerable" inmates to be handed over to the Court so Judge Shea could review them.

Sarah Russell, E-mailed Mr Evans back and explained that he was on the List for "Medically Vulnerable" inmates because he has a B.M.I. of over 40%.

Unfortunately, this institution is Not being forthwith with all of the relevent records. They omitted the fact that Mr Evans has High blood pressure and has hypertension. He is prescribed, Lisinopril for hypertension, Aspirin for Stroke, and hydrochlorothiazide for water retention.

8.

He also has "autoimmune disease" that causes his antibodies or lymphocytes to attack his molecules, cells, and tissue, in which Mr Evans was rushed to the out-side hospital last summer by this institution and he had to have immediate surgery to lance the infection in his testicles due to this disease.

Mr Evans also has "Obstructive Sleep Apnea" and is forced to sleep with a C-PAP machine in order to be Oxygenated and must wear a Oxygen mask each and every night.

This institution has left out all of the above and more. This Warden will not comply with the Court order from Judge Shea and is being disingenuous in releasing the full medical reports.

9.

Mr Evans respectfully request that this Court to re-consider its prior decision in light of this New Federal Court decision by Judge Shea and re-examine this <u>NEW</u> evidence of wrong-doing here at F.C.I. Danbury.

Mr Evans is in fear for his life if he contracts this Covid-19 in combination with his other medical ailments, will no doubt have a cumlative affect that will place him in jeopardy.

Mr Evens respectfully request that this Court grant him compassionate release under house arrest until a vaccine is developed sometime this winter, at which time, Mr Evans will return to prison to finish his sentence.

\*  *[signature]*

Tony John Evans, pro-se
Federal No: 35384-016
F.C.I. Danbury
33 ½ Pembroke Road
Danbury, CT 06811

10.

## Certificate of Service

I certify that a copy of the foregoing was served on this day, May 20, 2020 via prepaid U.S. First-class mail upon;

Kondi Jon Kleinman
Assistant U.S. Attorney
U.S. Attorney's office
District of Columbia
555 Fourth Street, NW
Washington, DC 20530

David B. Kent
Assistant U.S. Attorney
U.S. Attorney's office
555 Fourth Street, NW
Washington, DC 20530

Signed under the Pains and Penalties of perjury Pursuant to 28 U.S.C. § 1746 on this day of May 20, 2020

Tony John Evens
Federal No: 35384-016
F.C.I Danbury
33½ Pembroke Road
Danbury, CT 06811

* /s/ T Evens